UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADRIAN CARR,

        Petitioner,

- against -

JAMES BERBARY,

        Respondent.
------------------------------------------------------------X

MEMORANDUM AND ORDER
06-CV-2724 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Pending before this Court is Petitioner Adrian Carr's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his February 18, 2004 conviction following a jury trial in the New York State Supreme Court, Kings County, for criminal possession of a weapon in the third degree pursuant to New York Penal Law ("N.Y.P.L.") § 265.02. (Trial Tr. (Doc. No. 49-1) at 368.) He was sentenced to a prison term of seven years.[1] (Sentencing Tr. (Doc. No. 49-1) at 9.)

    In his petition, Carr argues: 1) that the evidence obtained from the search and seizure of his vehicle and his subsequent unlawful arrest violated the Fourth Amendment (Pet. for Writ of Habeas Corpus (Doc. No. 4-3) at 5); 2) ineffective assistance of trial counsel for his failure to argue at the suppression hearing that the police lacked probable cause to enter petitioner's vehicle without consent (Mot. to Vacate J. (Doc. Nos. 4-3, 11)); and 3) ineffective assistance of

---

[1] It appears that petitioner has been released from prison; however, because petitioner is currently on parole, the Court considers him to be in "custody" for purposes of his habeas challenge. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that a prisoner on parole subject to conditions significantly restraining his freedom is in "custody" of parole board for purposes of habeas challenge).

appellate counsel for failure to inform petitioner of his right to seek certiorari from the United States Supreme Court (Doc. No. 15-2 at 1–4).[2]

For the reasons set forth below, the petition is DENIED in its entirety.[3]

## RELEVANT BACKGROUND

### I. Suppression Hearing

At a pre-trial suppression hearing, the state court heard testimony from the two officers who stopped petitioner, Sergeant Raymond Festino and Officer Dominick Nasso, as well as from defense witness Rodney Simpson, petitioner's friend who was a passenger in petitioner's car on the night in question and who was arrested along with petitioner. (Hearing Tr. (Doc. No. 24) at 5–71.) The state court found that the officers, while on routine patrol on December 13, 2002 at 10:55 P.M., saw petitioner's vehicle "spinning its wheels and changing lanes without signaling." (*Id*. at 72.) The officers proceeded to follow the vehicle "for seven or eight blocks," to see if it "was a police officer [who] needed backup," when petitioner's "car abruptly came to a stop" and its occupants left the vehicle. (*Id*. at 72–73, 76.) The state court specifically found that "the defendant's [driver-side car] door was [left] open and . . . the music was playing . . . pretty loud, which to [Simpson] means when the roof is shaking." (*Id*. at 80.) The officers immediately turned on the emergency lights and approached petitioner's vehicle where Sergeant Festino, having trouble hearing what was being said due to the loud music, "leaned into the car to lower

---

[2] Petitioner did not raise the claims for ineffective assistance of trial and appellate counsel in his habeas petition. Rather, petitioner raised ineffective assistance of trial counsel in a post-conviction challenge pursuant to New York Criminal Procedure Law ("N.Y.C.P.L.") § 440.30, which he attached to his petition. (Mot. to Vacate J. (Doc. Nos. 4-3, 11.) And petitioner raised ineffective assistance of appellate counsel in his reply papers in support of his petition. (Doc. No. 15-2 at 1–4.) The Court, mindful that petitioner is *pro se*, will consider the ineffective assistance claims in addition to the Fourth Amendment claims for purposes of this petition for a writ of habeas corpus. *See Kiendra v. Hadden*, 763 F.2d 69, 72 (2d Cir. 1985) (allowing *pro se* habeas petitioner's claim raised for the first time in his "opposing affidavit").

[3] While this petition has been under consideration, petitioner has written numerous letters to the Court. (*See* Doc. Nos. 6, 8, 12, 16–23, 25–38, 40–48.) The Court has reviewed each correspondence; none contain any substance impacting the merits of the instant petition.

the music" and observed a "black handgun between the two armrests . . . sticking out." (*Id*. at 73–74.) Petitioner and Simpson were immediately placed under arrest. (*Id*. at 75.)

Petitioner argued that "the distance between the front [driver-side car] door being opened and the car parked to the immediate left was only a few inches" such that the officer had to open the driver door because it was in fact closed, and that there was no basis for the officer to lean into the car given that "it was just a traffic stop," petitioner was compliant with the officer's directions, there "appeared to be no officer safety issues," and petitioner had "been detained," "frisked," and had "not been Mirandized." (*Id*. at 82–84, 89–90.) The state court rejected these arguments and held that the officers had a "right to stop the vehicle" because they "observed [petitioner] breaking the law, including not only reckless driving, but even changing lanes without signaling" and that it was "reasonable" for the officer to enter the vehicle because "the radio inside the car was interfering with his hearing" as "he was speaking and questioning the defendant outside the car." (*Id*. at 91–92.)

## II. Trial

Petitioner's trial commenced on February 9, 2004 and lasted five days. (Trial Tr. (Doc. No. 49-1) at 1.) The prosecution's case consisted mainly of the testimony of two police officers who testified consistently with their suppression hearing testimony. (*See id*. at 195–98, 200–01, 241–46, 256–57.) The prosecution also called Detective Brian Murphy, who testified that he examined the gun recovered from petitioner's car and concluded that the gun was operable, that ten nine-millimeter cartridges came with the gun, and that one cartridge had been found in the chamber of the gun. (*Id*. at 280–83.) Officer Randolph Evans also testified that as a fingerprint expert, he did not recover any fingerprints on the gun, magazine, or any bullets found in petitioner's car and that fingerprints are very rarely left on guns. (*Id*. at 294–97.)

3

Petitioner chose not to present a case to the jury. (*Id.* at 302.)

The jury convicted petitioner on February 18, 2004 of criminal possession of a weapon in the third degree pursuant to N.Y.P.L. § 265.02 (*id.* at 368) and petitioner was sentenced, as a second felony offender, to a prison term of seven years. (Sentencing Tr. (Doc. No. 49-1) at 9.)

### III.   Direct Appeal

Petitioner appealed to the Supreme Court of the State of New York, Appellate Division, Second Department, in April 2005, on the grounds that the suppression court erred by admitting the gun because the police officer violated petitioner's constitutional right to privacy when he entered petitioner's vehicle and that the testimony of the police officers at the suppression hearing was incredible as a matter of law. (*See* Br. for Def.-Appellant (Doc. No. 11)).) The Appellate Division affirmed the judgment, holding that "[a]fter a lawful stop of the defendant's vehicle, the actions by the arresting officer which led to the discovery of the gun were minimally intrusive, reasonable to control the scene, and reasonably related in scope and intensity to the circumstances," and that "defendant's remaining contention is without merit." *People v. Carr*, 24 A.D.3d 566, 567 (2d Dep't 2005) (internal citations omitted).

Petitioner sought leave to appeal and was denied by the Court of Appeals on February 24, 2006. *People v. Carr*, 6 N.Y.3d 810 (2006).

### IV.   State Collateral Proceedings

On March 13, 2006, petitioner filed a *pro se* motion to vacate judgment in New York State Supreme Court, Kings County, pursuant to N.Y.C.P.L. § 440.30, raising the same issues petitioner already raised on direct appeal and an additional claim of ineffective assistance of trial counsel for failure to argue at the suppression hearing that the police lacked probable cause to enter petitioner's car without consent. (*See* Mot. to Vacate J. (Doc. Nos. 4-3, 11).) The district

4

attorney maintained that the Appellate Division had already determined petitioner's claims were "meritless," and that petitioner "unjustifiably failed to raise any sixth amendment issue on direct appeal." (Opp. to Mot. to Vacate J. (Doc. No. 11).) The state court, on June 13, 2006, denied petitioner's motion, finding that petitioner's claims that he raised on direct appeal were barred pursuant to N.Y.C.P.L. § 440.10(2)(a), and that petitioner's Sixth Amendment claim was barred pursuant to N.Y.C.P.L. § 440.10(2)(c). (June 13, 2006 Decision and Order (Doc. No. 11).)

There is no indication in the record that petitioner appealed this decision to either the Appellate Division or the Court of Appeals.

V. **Federal Proceedings**

On May 9, 2006, petitioner timely filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of New York. (*See* Doc. No. 4 at 1–2.) The petition was transferred to the United States District Court for the Eastern District of New York on May 17, 2006. (*Id*.)

Respondent filed an opposition arguing that petitioner's Fourth Amendment claims are barred from federal review and that petitioner's Sixth Amendment claim is unexhausted. (Doc. No. 10.) Petitioner replied in support of his petition and raised an additional ineffective assistance of appellate counsel claim. (Doc. No. 15.)

**APPLICABLE LAW**

In deciding a federal habeas corpus petition, the Court must apply the standard of review set forth by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). AEDPA requires a rigorous standard of review with regard to petitions filed by state prisoners. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000). Under AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Though the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are analyzed independently, both limit the source of the "clearly established law" to the jurisprudence of the Supreme Court. *Williams*, 529 U.S. at 404–05, 412; *see also Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005).

A state court "adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citation and internal quotation marks omitted). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim – even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id*. This is because "federal courts recognize a conclusive presumption that, when presented with an express federal claim, a state court's decision rests principally upon an application of federal law even absent any express reference to federal authority." *Reznikov v. David*, No. 05 Civ. 1006, 2009 WL 424742, at *3 (E.D.N.Y. 2009) (citing *Sellan*, 261 F.3d at 314).

The Supreme Court has noted that a state court decision will be "contrary to" established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if a state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams*, 529 U.S. at 405–06.

6

Further, the Supreme Court has held that, with respect to the "unreasonable application" clause, a federal court may grant a petitioner's writ of habeas corpus "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 413. The state court's application, however, must be "objectively unreasonable," *id*. at 409–10, a "higher threshold" than "incorrect." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Moreover, if a federal court "finds that the state court engaged in an unreasonable application of established law, resulting in constitutional error, it must next consider whether such error was harmless." *Howard*, 406 F.3d at 122 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993)).

AEDPA requires that federal courts treat state court adjudication with great deference. *Brown v. Artuz*, 283 F.3d 492, 500 (2d Cir. 2002). This deference is warranted "even if the state court decision does not explicitly refer to either the federal claim or to relevant federal case law." *Stellan*, 261 F.3d at 312. Moreover, this standard extends to factual determinations made by the state court: "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner can only rebut this presumption of correctness with clear and convincing evidence. *Parsad v. Greiner*, 337 F.3d 175, 181 (2d Cir. 2003).

The "unreasonable determination" inquiry under § 2254(d)(2) has also been elucidated by the Supreme Court: "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). A state court's application of federal law must be "objectively unreasonable." *Id.* at 409. This is even more stringent a requirement than clear error, which can be distinguished from unreasonableness for the purposes of this inquiry. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Indeed, the Second Circuit has required "some increment of incorrectness beyond error," *Francis S. v. Stone*,

221 F.3d 100, 111 (2d Cir. 2000), but noting that though "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Fourth Amendment Claim

Petitioner argues, in his petition for a writ of habeas corpus, that the evidence obtained from the search and seizure of petitioner's vehicle and his subsequent unlawful arrest violated the Fourth Amendment. (Doc. No. 4 at 5.) Respondent argues that *Stone v. Powell*, 428 U.S. 465 (1976), bars this Court from reviewing petitioner's Fourth Amendment claims. (Doc. No. 10 at 7–9.)

This Court agrees with respondent. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494–95; *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (en banc) (holding that a Fourth Amendment claim may not be considered by a federal habeas corpus court if the state has provided an opportunity fully and fairly to litigate it); *see also Capellan v. Riley*, 975 F.2d 67, 70 n. 1 (2d Cir. 1992) (noting that New York mechanism for litigating Fourth Amendment claims is "facially adequate").

Here, New York State provided, and petitioner availed himself of, state corrective processes to argue his Fourth Amendment claims. First, the state court held a pre-trial suppression hearing, at which petitioner moved to suppress admission of the gun and argued that

8

the police officers had no reasonable basis to enter petitioner's vehicle.  (*See* Hearing Tr. (Doc. No. 24) at 82–90.)  The state court rejected petitioner's arguments and held that not only did the officers have the right to stop petitioner's vehicle, but that it was "reasonable" for the officer to lean into petitioner's vehicle through an open driver-side door to turn down the radio where the extreme volume of the radio hindered the officer's questioning of petitioner.  (*Id*. at 91–92.)

Petitioner further availed himself of state procedures to challenge the admission of this evidence on direct appeal, arguing to the Appellate Division that the lower court had erred in denying his motion to suppress the gun.  (*See* Br. for Def.-Appellant (Doc. No. 11) at 10–15.) The Appellate Division rejected petitioner's arguments and affirmed the denial of the suppression motion.  *People v. Carr*, 24 A.D.3d 566, 567 (2d Dep't 2005), *lv denied*, 6 N.Y.3d 810 (2006).

Because New York State has provided petitioner with a full and fair opportunity to litigate his Fourth Amendment claims, petitioner is now barred from raising these claims in a habeas corpus proceeding in federal court.

## II. Ineffective Assistance Of Trial And Appellate Counsel

Petitioner argues that trial counsel was ineffective for failing to argue at the suppression hearing that the police lacked probable cause to enter petitioner's car without consent (Doc. No. 4-3), and that appellate counsel was ineffective for failing to inform him of his right to seek certiorari from the United States Supreme Court.  (Doc. No. 15 at 1–9.)  Respondent argues that petitioner's claim for ineffective assistance of trial counsel is unexhausted and, in any event, meritless.  (Doc. No. 10 at 10–13.)  Because petitioner raised his claim for ineffective assistance of appellate counsel in his reply, respondent did not have a chance to respond.

Pursuant to AEDPA, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 515–16, 518 (1982) ("The exhaustion doctrine existed long before its codification [in 28 U.S.C. § 2254] by Congress in 1948" and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

To satisfy the exhaustion requirement, a petitioner must first "fairly present[] to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981). A federal habeas petitioner may "fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution" by stating his constitutional claim clearly enough so that a court can easily discern its basis. *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc). The petitioner must employ "all available mechanisms to secure appellate review" of the state court's denial of his claim. 28 U.S.C. § 2254(c).

### A. Ineffective Assistance Of Trial Counsel

In this case, petitioner unjustifiably failed to present to the Appellate Division his wholly record-based claim that trial counsel failed to argue at the suppression hearing that the police lacked probable cause to enter petitioner's car without consent. Because petitioner neglected to raise the ineffective assistance of trial counsel claim in his appellate brief, the Appellate Division never considered this claim. Moreover, the fact that petitioner raised this claim in the state court on his motion to vacate judgment pursuant to N.Y.C.P.L. § 440.30 does not exhaust the claim. The state court held that petitioner's claim was barred by N.Y.C.P.L. § 440.10(2)(c), which procedurally bars consideration of issues that should have been raised on appellate review but

10

were not due to the defendant's unjustifiable failure to take an appeal. (June 13, 2006 Decision and Order (Doc. No. 11)); N.Y.C.P.L. § 440.10(2)(c). Petitioner has not appealed this decision. Therefore, this claim remains unexhausted.

However, because petitioner has already used his one appeal to the New York Court of Appeals to which he is entitled and his time to appeal the state court denial of his motion to vacate judgment has run, this claim is "deemed exhausted" but procedurally barred from federal habeas review. *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Spence v. Superintendent*, 219 F.3d 162, 170 (2d Cir. 2000) ("Because [petitioner] failed to raise his claim in the ordinary appellate process and can now no longer do so, it is procedurally defaulted.").

Nonetheless, "[w]here a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *DiSimone v. Phillips*, 461 F.3d 181 (2d Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner has alleged no cause or prejudice, and does not argue that he is actually innocent.

Accordingly, petitioner's claim for ineffective assistance of trial counsel is procedurally defaulted, and this Court is precluded from reviewing it.[4]

## B. Ineffective Assistance Of Appellate Counsel

Petitioner's claim challenging the effectiveness of his appellate counsel for failure to inform him of his right to seek certiorari from the United States Supreme Court is also unexhausted. However, unlike his claim for ineffective assistance of trial counsel, this claim may not be deemed exhausted by this Court. Petitioner never raised his ineffective assistance of

---

[4] In any event, petitioner's claim is belied by the record and is plainly meritless. Petitioner's counsel argued at the hearing that there was no basis for the officer to lean into petitioner's car where "it was just a traffic stop," petitioner was compliant with the officer's directions, there "appeared to be no officer safety issues," and petitioner had "been detained," "frisked," and had "not been Mirandized." (*Id*. at 83–84, 89–90.) As such, trial counsel's performance met the constitutional standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

appellate counsel claim before the state courts, but he is still able to exhaust the claim through a petition for a state writ of error *coram nobis*. *See People v. Bachert*, 69 N.Y.2d 593 (1987); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Petitioner thus presents a "mixed petition," including both exhausted and unexhausted claims. When confronted with a mixed petition, a district court may dismiss the entire petition without prejudice or, in its discretion, stay the proceedings and hold the petition in abeyance to permit a petitioner to return to state court to exhaust any unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). However, where a petitioner has not shown good cause for his failure to exhaust his claims, or if those claims are plainly meritless, a district court would abuse its discretion in issuing a stay. *Id*. at 277. Where a district court "determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. at 278. Under ADEPA, a district court may also "deny a petition on the merits even if it contains an unexhausted claim." *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Court may not stay this petition because petitioner has not shown good cause for his failure to exhaust the ineffective assistance of appellate counsel claim. The Court also will not dismiss the entire case without prejudice because it would jeopardize petitioner's ability to raise

his exhausted claims in a timely habeas petition. Instead, because this claim is plainly meritless, the Court exercises its discretion to deny this claim on the merits.

Petitioner claims ineffective assistance of appellate counsel for failure to inform him of his right to seek certiorari from the United States Supreme Court. Petitioner's "right to the effective assistance of counsel on first-tier appeal [does not] encompass[] a requirement that his attorney inform him of the possibility of certiorari review" by the Supreme Court. *Pena v. United States*, 534 F.3d 92, 95–96 (2d Cir. 2008) (per curiam). As such, petitioner's claim for ineffective assistance of appellate counsel fails.

## CONCLUSION

Accordingly, it is hereby ORDERED that petitioner's habeas corpus petition (Doc. No. 4) is DENIED in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to dismiss this petition, send a copy of this Memorandum and Order to petitioner, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      February 20, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge